**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO JIMENEZ, | CASE NO. 5:11-cv-00951 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| METROCITIES MORTGAGE, LLC, et. al. | [Docket Item No. 8] |
| Defendant(s). | |

Presently before the court is Defendant Metrocities Mortgage, LLC's ("Metrocities") motion to dismiss the Complaint filed by pro se Plaintiff Antonio Jimenez ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). See Docket Item No. 8. Alternatively, Metrocities seeks an order that Plaintiff provide a more definite statement pursuant to Rule 12(e). Plaintiff did not file written opposition to the motion, and the time for such opposition has expired.

The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Thus, the hearing date scheduled for January 6, 2012, is vacated. The motion to dismiss will be granted for the reasons explained below.[1]

---

[1] As it currently stands, this court's jurisdiction arises under 28 U.S.C. § 1331 since Plaintiff has included a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq., and also under 28 U.S.C. § 1332 since complete diversity exists. See Complaint, Docket Item No. 1, at ¶ 2; see also Metrocities' Request for Judicial Notice ("RJN"), Docket Item No. 9, at Ex. 1 (stating Metrocities is organized under the laws of Delaware). The RJN is GRANTED in its entirety is GRANTED in its entirety since Exhibits 1 through 4 are judicially noticeable as "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist.

1
CASE NO. 5:11-cv-00951 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## I. BACKGROUND

In January, 2005, Plaintiff purchased real property located in Gonzales, California, with a $460,000.00 loan financed by Metrocities and secured by a Deed of Trust ("DOT"). See Complaint, at ¶¶ 13, 16; see also RJN, at Ex. 1. The DOT named Fidelity National Loan Portfolio Solutions as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as both the nominee for Metrocities and the beneficiary under the DOT. Id. See Complaint, at ¶¶ 14-15, see also RJN, at Ex. 1.

Plaintiff became unable to afford the mortgage payments and eventually defaulted on the loan. See Complaint, at ¶ 17. As a result, a Notice of Default was recorded by First American Trustee Servicing Solutions, LLC ("First American") on August 23, 2010, which stated Plaintiff owed $90,544.64. See RJN, at Ex. 2. The Notice of Default also stated that First American was acting "as agent for the current beneficiary" under the DOT, namely MERS. See id. The property was sold on February 14, 2011, after a Notice of Trustee's Sale was recorded on November 24, 2010. See Complaint, at ¶ 18; see also RJN, at Exs. 3, 4. The Trustees Deed Upon Sale was then recorded on February 22, 2011. See RJN, at Ex. 4.

Plaintiff filed the instant Complaint in this court on March 1, 2011, alleging claims for declaratory relief, injunctive relief and violation of TILA. This motion followed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the

---

LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 WL 1924777, 2010 U.S. Dist. LEXIS 54932, at *6-7 (N.D. Cal. May 12, 2010).

speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III. DISCUSSION

Plaintiff's Complaint contains three claims: (1) declaratory relief, (2) injunctive relief, and (3) violation of TILA. All three claims are subject to dismissal.

#### A. The TILA Claim is Time-Barred

Looking to the sole federal claim first, Plaintiff designates it as a "Violation of TILA." Under that heading, he also wrote "Cancellation of Instrument/Foreclosure/Quiet Title." He alleges the Deed of Trust is voidable since there is no underlying promissory note, and seeks to cancel the deed of trust and quiet title. See Complaint, at ¶¶ 30-35. He seeks general and compensatory damages. See id.

It is not entirely clear from the heading and corresponding allegations whether Plaintiff is actually invoking TILA in his third claim since Plaintiff merely references the title of the statute but does not support it with facts which fall under its purview. But to the extent Plaintiff does rely on TILA here, Metrocities correctly argues that the claim is time-barred. Under TILA, a claim for damages must be brought within one year from the date of the signing of the loan documents. 15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). A claim for rescission must be brought within three years of the same date. 15 U.S.C. § 1635(f).

Here, Plaintiff alleges his mortgage loan was finalized on January 12, 2005, a date which can

3

CASE NO. 5:11-cv-00951 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

be confirmed by the RJN.  See Complaint, at ¶ 13; see also RJN, at Ex. 1.  As such, a timely claim for damages under TILA should have been filed no later than January, 2006, and a timely claim for rescission should have been filed no later than January, 2008.  Since Plaintiff did not file this action until March 1, 2011, the request for rescission under TILA is absolutely barred since that claim cannot be equitably tolled.  See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("The Act provides, however, that the borrower's right of rescission 'shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first,' even if the required disclosures have never been made.").

A request for damages under TILA, however, is only presumptively time-barred absent allegations that support an equitable exception.  15 U.S.C. § 1640(e); King v. California, 784 F.2d 910, 915 (9th Cir. 1986); see also Beach, 523 U.S. at 417-18 (discussing the "stark" difference in the limiting language of § 1640(e) and § 1635(f)).  "Equitable tolling is generally applied in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." O'Donnell v. Vencor, Inc., 465 F. 3d 1063, 1068 (9th Cir. 2006) (internal quotations omitted).  No such allegations are present or even attempted in this rather skeletal Complaint, and Plaintiff did not respond to this argument after being notified through this motion.  See Metrocities' Reply, Docket Item No. 23.  Accordingly, the court must also find the request for damages time-barred.  The TILA claim will therefore be dismissed.

**B.     The Remaining Claims are Deficiently Plead**

Turning to the remainder of the Complaint, the court concludes that Plaintiff has failed to state a claim.  Primarily, Plaintiff has not met the pleading standard required by Federal Rule of Civil Procedure 8.  The first and second claims apparently allege causes of action for "Declaratory Relief" and  "Injunctive Relief."  As plead, however, these claims do not constitute actual causes of action but instead simply contain various aspects of the relief sought.  See Loder v. World Savings Bank, N.A., No. C11-00053 THE, 2011 WL 1884733, 2011 U.S. Dist. LEXIS 53166, at *21-22 (N.D. Cal. May 18, 2011) (citing Shell Oil Co. V. Richter, 52 Cal. App. 2d 164, 168 (1942)).  Although the federal rules allow for a flexible pleading policy, particularly with regard to a plaintiff

appearing pro se, a complaint must still provide fair notice of the claims and must allege enough facts to state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733 F.2d at 649 (internal quotations omitted). Plaintiff has missed the mark, even under a liberal reading of the Complaint.

In addition, the allegations which do appear in the Complaint cannot support the specific claims plead. Even if the claim for injunctive relief was valid, it is nonetheless moot as the foreclosure sale has already occurred. See RJN, at Exs. 3, 4. Moreover, district courts in California have consistently rejected the theory underlying each of Plaintiff's claims: that the foreclosure process is invalid if the trustee does not possess the original promissory note. See, e.g., Gamboa v. Tr. Corps, 09-0007 SC, 2009 WL 656285, 2009 U.S. Dist. LEXIS 19613, at *9-10 (N.D. Cal. Mar. 12, 2009); Putkkuri v. ReconTrust Co., 08CV1919WQH (AJB), 2009 WL 32567, 2009 U.S. Dist. LEXIS 32, at *5-6 (S.D. Cal. Jan. 5, 2009); Neal v. Juarez, 06CV0055 J(JMA), 2007 WL 2140640, 2007 U.S. Dist. LEXIS 98068, at *25 (S.D. Cal. July 23, 2007). This is because California Civil Code § 2924 and its related statutes establish a comprehensive and exclusive set of regulations for the conduct of nonjudicial foreclosures, and do not require the person initiating foreclosure to have physical possession of the promissory note. "Under Civil Code section 2924, no party needs to physically possess the promissory note." Sicairos v. NDEX West, 08CV2014-LAB (BLM), 2009 WL 385855, 2009 U.S. Dist. LEXIS 11223, at *6-7 (S.D. Cal. Feb. 13, 2009). Instead, "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process by recording and servicing a notice of default. Cal. Civ. Code § 2924(a)(1).

Here, the pleadings reveal that First American, as agent for MERS, filed and served the notice of default. See RJN, Ex. 2. Thus, a person authorized by §2924 - namely the authorized agent of the beneficiary - commenced the foreclosure proceeding. Plaintiff's allegation that the

5
CASE NO. 5:11-cv-00951 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

foreclosure was commenced by a party not in possession of the original promissory note or one without standing to foreclose is therefore unavailing since it is contradicted by judicially noticeable documents.

Because Plaintiff has failed to allege sufficient facts or present a cognizable legal theory, the remaining claims must also be dismissed.

### D. Leave to Amend

The court must now determine whether Plaintiff will be allowed leave to amend the Complaint. Generally, leave to amend should be freely allowed "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). Where amendment to the complaint would be futile, the court may order dismissal with prejudice. Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations omitted). But a pro se complaint may be dismissed with prejudice where it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Here, the court finds that allowing for amendment of both the TILA claim and the claim for injunctive relief would be futile, considering the former is barred by the statute of limitations and the latter is moot. As such, they will be dismissed without leave to amend. However, the same finding cannot be made with respect to the first claim for declaratory relief or the third claim - to the extent such claim can be construed as one for wrongful foreclosure - as those claims were not sufficiently developed in the pleadings to make a definitive determination. See Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1156 (2011) (suggesting that a claim for wrongful foreclosure may survive if "the plaintiff's complaint identified a specific factual basis for alleging that the foreclosure was not initiated by the correct party."); see also Karimi v. GMAC Mortg., No. 11-CV-00926-LHK, 2011 WL 5914006, 2011 U.S. Dist. LEXIS 136071, at *15-16 (N.D. Cal. Nov. 28,

2011) (suggesting that a claim for declaratory relief under 28 U.S.C. § 2201 is possible if the plaintiff can plead an actual controversy). Since the court must liberally construe the Complaint, Plaintiff will be allowed leave to amend these claims.[2]

### III. ORDER

In light of the foregoing, the hearing scheduled for January 6, 2012, is VACATED. Metrocities' motion to dismiss (Docket Item No. 8) is GRANTED as follows:

1. Plaintiff's first claim for declaratory relief is DISMISSED WITH LEAVE TO AMEND.
2. Plaintiff's second claim for Injunctive Relief is DISMISSED WITHOUT LEAVE TO AMEND.
3. Plaintiff's third claim under TILA is DISMISSED WITHOUT LEAVE TO AMEND.
4. Plaintiff's third claim for Wrongful Foreclosure is DISMISSED WITH LEAVE TO AMEND. If Plaintiff does choose to amend this claim, he must clarify the cause of action he intends to allege with clear and concise statements.

Any amended complaint must be filed within 30 days of the date this order is filed. Plaintiff is notified that failure to file an amended complaint or failure to amend the complaint in a manner consistent with this order may result in an order dismissing this action with prejudice.

---

[2] Because the court finds Plaintiff's complaint subject to dismissal on other grounds, it declines to address Metrocities' arguments that (1) Plaintiff must overcome the presumption that the foreclosure sale was conducted properly, and (2) Plaintiff must tender the principle amount in default in order to allege causes of action for declaratory, injunctive and other related relief. The court does note, however, that these arguments may ultimately prove inapplicable depending on the nature of any amended allegations. See Singh v. Wells Fargo Bank, No. 1:10-CV-1659 AWI SMS, 2011 WL 66167, 2011 U.S. Dist. LEXIS 3563, at *13-19 (E.D. Cal. Jan. 7, 2011) (noting that the presumption of regularity in the foreclosure process may not apply when a plaintiff alleges the existence of fraud in procuring the foreclosure decree as opposed to problems with the actual procedures used); see also Frazier v. Aegis Wholesale Corp., No. C-11-4850 EMC, 2011 WL 6303391, 2011 U.S. Dist. LEXIS 145210, at *27 (N.D. Cal. Dec. 16. 2011) (finding defendant's argument of failure to allege tender problematic when "Plaintiff's position is that Defendants do not have any ownership interest in the property to begin with.").

Metrocities' request for a more definite statement is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: January 4, 2012

_____
EDWARD J. DAVILA
United States District Judge

CASE NO. 5:11-cv-00951 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS